THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BOBBY BILLS** : <br> 24081 Yearsley Road : <br> Marysville, OH 43040 : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> : <br> **THE SOUTHARD CORPORATION** : <br> **d/b/a RENEWAL BY ANDERSON** : <br> 5850 Sawmill Road : <br> Dublin, OH 43017 : <br> : <br> Defendant. : <br> : | CASE NO. 2:22-cv-04175 <br><br> JUDGE <br><br> MAGISTRATE JUDGE <br><br> **Jury Demand Endorsed Herein** |

## COMPLAINT

NOW COMES Plaintiff Bobby Bills ("Plaintiff") and proffers this Complaint for damages against Defendant The Southard Corporation d/b/a Renewal by Andersen ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Union County, Ohio.

2. Defendant is a foreign corporation doing business in the Southern District of Ohio.

3. At all relevant times, Plaintiff was an employee as that term is defined by the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq. ("ADEA") and by O.R.C. Chapter 4112.

4. Defendant is an "employer" as defined by the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq. ("ADEA") and by O.R.C. Chapter 4112.

## JURISDICTION AND VENUE

5. This action is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq. ("ADEA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. §1391 because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, Plaintiff performed his job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

7. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A."

## FACTUAL BACKGROUND

8. Plaintiff was hired by Defendant in January of 2010, when Defendant's Columbus branch opened.

9. Plaintiff served as the Operations Manager of the Columbus branch for the duration of his employment with Defendant.

10. Plaintiff was the first Columbus employee hired by Defendant, and he was entrusted with assisting procurement of a location and a sales manager.

11. Plaintiff managed and directed all aspects of the company related to installations and service for over a decade. Plaintiff's contributions to the company were invaluable, as his hard work laid the foundation for the company to grow for the past twelve years.

12. Plaintiff has more than forty years of experience in the replacement window business, and he is well respected in the industry. His performance history is devoid of any significant issues.

13. Plaintiff worked an average of 50 to 60 hours a week, often working weekends. In his 12 years of employment, Plaintiff never took a personal vacation. Plaintiff rarely took a sick day, which included working through pneumonia, a work-related concussion, and a pulmonary embolism.

14. Since Defendant's opening in Columbus, the company has grown in total sales from under $1 million in 2010 to over $20 million in 2021.

15. Under Plaintiff's leadership, the company expanded from two employees to fifteen employees, ten contractors, and sixteen commissioned sales representatives.

16. On January 7, 2022, Steve Armstrong, General Manager of the Columbus branch, went into Plaintiff's office and said, "This is difficult because you've been here ten years. You're sixty-seven years old. James [Mills] can do your job, we are going to promote him to operations manager and give him your salary. We are going to renew your compensation agreement until June 30, 2022, at which time you can leave or stay on and do measures or services for around $75,000 a year."

17. The company demoted Plaintiff to an entry level position for a third of Plaintiff's regular compensation. In 2022, Plaintiff was on track to make $270,000.00.

18. The sole reason Plaintiff was demoted and forced out of his position was because of his age.

19. Mr. Armstrong offered no other reason for the demotion other than Plaintiff's age.

20. Defendant replaced Plaintiff with James Mills, who is approximately twenty years younger and significantly less qualified than Plaintiff.

21. In the end of June 2022 Defendant forced Plaintiff out of his position and constructively terminated his employment based on his age.

## COUNT I
## Age Discrimination – R.C. §4112.02

22. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

23. Plaintiff was born on July 16, 1953 and, at all times relevant hereto, was over 40 years of age, and therefore a member of a protected group.

24. At all times relevant herein, Plaintiff was qualified for his position.

25. Defendant discriminated against Plaintiff on the basis of his age by demoting Plaintiff because of his age and replacing him with James Mills.

26. Defendant discriminated against Plaintiff on the basis of age by treating him less favorably than other younger employees in the terms and conditions of employment, in violation of Chapter 4112.02 of the Ohio Revised Code.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and fringe benefits.

28. As a direct and proximate result of Defendant's conduct, Plaintiff suffered financial and emotional harm including shame, humiliation, embarrassment, and mental anguish.

29. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for all legal damages, including back pay, front pay, lost benefits, emotional distress, compensatory damages, attorneys' fees, costs and other relief available under Ohio Revised Code Chapter 4112, including, but not limited to punitive damages.

## COUNT II
### Age Discrimination – ADEA

30. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

31. This claim is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq., and as amended, for employment discrimination based on age.

32. Plaintiff was born on July 16, 1953 and, at all times relevant hereto, was over forty (40) years of age, and therefore a member of a protected group.

33. At all times relevant herein, Plaintiff was qualified for his position.

34. Defendant discriminated against Plaintiff because of his age by demoting Plaintiff because of his age and replacing him with James Mills.

35. Defendant discriminated against Plaintiff on the basis of age by treating him less favorably than other younger employees in the terms and conditions of employment, in violation of the ADEA.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and fringe benefits.

37. Defendant willfully discriminated against Plaintiff, in that Defendant knew or showed reckless disregard for the fact that its conduct was prohibited by the ADEA.

38. Defendant discriminated against Plaintiff on the basis of his age when it terminated him, treating Plaintiff less favorably than employees outside the protected group, in violation of the ADEA, entitling Plaintiff to the remedies contained therein, including but not limited to back pay, front pay, lost benefits, liquidated damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $675,000.00 and any and all other relief, which the Court deems just and appropriate.

    Respectfully submitted,

    /s/ *Peter G. Friedmann*
    Peter G. Friedmann (0089293)
    (Pete@thefriedmannfirm.com)
    Rachel Sabo Friedmann (0089226)
    (*Rachel@thefriedmannfirm.com*)
    **The Friedmann Firm LLC**
    3740 Ridge Mill Dr
    Hilliard, OH 43026
    614-610-9756 (Phone)
    614-737-9812 (Fax)
    *Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

                                        /s/ *Peter G. Friedmann*
                                        Peter G. Friedmann (0089293)